STATE v. JAMES STEWART.

(Filed 11 October, 1944.)

**1. Automobiles § 36—**

In a criminal prosecution for the operation of a motor vehicle after the operator's license had been revoked, where the State's evidence tended to show that defendant was tried and convicted in recorder's court, for operating a motor vehicle while under the influence of intoxicants, as James Stewart had his license revoked for one year, that the records show no license issued to James Stewart but show one to James Tyree Stewart of the same county as defendant, who admitted that his name

was James Tyree Stewart when the highway patrolman went to take up his license, and that defendant was seen operating a motor vehicle upon the public highway within one year of such conviction and there had been no reinstatement of the revocation, there is sufficient evidence to sustain a conviction and motion for nonsuit, G. S., 15-173, was properly refused.

**2. Same—**

Evidence, that defendant had been convicted in recorder's court on an indictment for operating an automobile while under the influence of intoxicants, was competent and pertinent on the question as to whether a driver's license issued to defendant had been legally· revoked. G. S., 20-17.

APPEAL by defendant from *Bone, J.,* at January Term, 1944, of HARNETT.

Criminal prosecution upon warrant charging that defendant "did unlawfully and willfully operate a motor vehicle upon the public roads and highways after his operator's license had been revoked," tried in Superior Court upon appeal thereto by defendant from judgment of recorder's court of Harnett County.

Verdict: Guilty.

Judgment: Six months in jail to be assigned to work the roads.

Defendant appeals to the Supreme Court and assigns error.

*Attorney-General McMullan and Assistant Attorneys-General Patton and Rhodes for the State.*

*Neill McK. Salmon for defendant.*

WINBORNE, J.   The defense of defendant is predicated upon the theory that the State has never issued to him a driver's license to operate an automobile on the public highways, and, hence, there could not have been a revocation of something that never existed.   Upon this theory the defendant in the first instance presses for error the refusal of the court to grant his motions aptly made for judgment as in case of nonsuit. G. S., 15-173.   We are of opinion, however, that the evidence is sufficient to take the case to the jury.

In this connection the evidence for the State tends to show these facts: That on 24 September, 1943, defendant was seen operating a motor vehicle upon the public highways of Harnett County; that a revocation of license was issued against James Stewart under date 4 February, 1943, for one year ending 4 February, 1944, for conviction in Dunn recorder's court, and on 24 September, 1943, there had been no reinstatement on that revocation; that the records show no entry of a license being issued to James Stewart, but did show issuance of a license .

to James Tyree Stewart, whose address was given at the time as Erwin, North Carolina, Box 293; that when the State patrolman went to take up the license, pursuant to revocation, defendant said that his name was James Tyree Stewart, and on being told that his driver's license had been revoked he stated to the patrolman that he had lost his license; that the patrolman read a notice of revocation to him; that James Stewart, the defendant in the present prosecution, is the person tried in the recorder's court of Dunn on 4 February, 1943, upon charge of operating a motor vehicle while under the influence of intoxicating beverage.

On the other hand, defendant as witness for himself testified: "My name is James Felton Stewart but they call me 'James.'" He denied that he told the patrolman (1) that his name was James Tyree Stewart or (2) that he had lost his license. He admitted that he was tried in Dunn for reckless driving and was found guilty and that the court ordered his driver's license revoked. He stated that he had never applied to the authorities, local or otherwise, for any license to operate an automobile in this State.

This evidence presents an issue for the jury.

Defendant next contends that the court erred in permitting a witness for the State to testify that the defendant was tried in the recorder's court of Dunn on 4 February, 1943, on indictment for operating an automobile while under the influence of intoxicating beverage. This evidence was pertinent to the question as to whether a license issued to defendant had been legally revoked. G. S., 20-17. For this purpose it was competent.

Other assignments have been considered. We find no sufficient ground upon which the judgment below should be disturbed.

No error.